313 P.2d 756

James G. HART, James T. O'Neil and James E. Lindsay, Members of the Board of Supervisors, Maricopa County, Arizona, and Rhea Averill, Clerk of the Board of Supervisors, Maricopa County, Arizona, Appellants,

v.

Joseph J. ARGANESE, Appellee.

No. 6048.

Supreme Court of Arizona.

July 9, 1957.

William P. Mahoney, Jr., Maricopa County Atty., and Charles L. Hardy, Deputy County Atty., Phœnix, for appellants.

Evans, Kitchel & Jenckes, and John F. Boland, Jr., Phœnix, for appellee.

PER CURIAM.

This is an appeal from a judgment wherein the Superior Court on certiorari ruled that the Maricopa County Board of Supervisors (Board) had acted without jurisdiction in amending a zoning ordinance rezoning certain lands. The controversy is before us on an agreed statement of facts.

A petition, to which was appended the written consent of fifty-one per cent of the

property owners, was filed with the County Planning and Zoning Commission (Commission), though it should have been filed with the Board to comply with section 17–1915, A.C.A.1939, 1952 Supp. (section 11–829, A.R.S.), praying that the area bounded by Highland Avenue, Third Avenue, Pierson Street and First Avenue, outside the corporate limits of the City of Phœnix, be rezoned from residence "C" to residence "A". No point is made of the failure to file with the proper agency. In accord with section 17–1915, supra, the Commission gave notice, duly heard the matter on June 16, 1954, and recommended that the Board amend the ordinance pursuant to the petition. The Board, in full accord with section 17–1915, supra, gave notice that it would hear the matter on July 8, 1954. On July 7, 1954, the day before the hearing was to be had, the appellee delivered to the clerk of the Board an instrument containing the withdrawal of thirty-four signatories to the original petition, together with a letter explaining that the signers had been misled. The retraction of these signatures from the petition reduced the number remaining thereon below the fifty-one per cent prescribed by section 17–1915, supra. Appellee at that time urged that this withdrawal was timely made, and that the resulting lack of sufficient signatures deprived the Board of jurisdiction to consider the proposed amendment. On the date set for the hearing the Board considered the matter, and being uncertain as to its position referred it back to the Commission for further consideration. On July 27, 1954 the Commission again heard the matter and recommended to the Board that it adopt the change in zoning. The Board again noticed it for hearing on August 19, 1954, and on that date, after hearing both sides, directed that the change in zoning prayed for in the original petition be effected. The appellee, in connection with all proceedings conducted subsequent to the withdrawal, reasserted his position challenging jurisdiction of the Board to act upon the matter.

In order that it might consider the jurisdictional issue involved the Superior Court granted appellee's petition for a writ of certiorari. It ultimately ruled that the withdrawal of the thirty-four signatories was timely made; that such retraction rendered the petition insufficient; that, therefore, the Board was without power to enact the zoning change; and that as a result the act of the Board, purporting to rezone the area involved, was null and void. From this adverse ruling the Board has appealed.

 Section 17–1915, supra, reads as follows:

"Amendment within zoning area.— Any person or persons desiring an amendment or change in the zoning ordinance changing the zoning district boundaries within an area pre-

viously zoned, shall file a petition in favor of such change and shall also file the written consents of at least fifty-one (51) percent of the owners by number and area of all other properties any part of which is within three hundred (300) feet of the proposed change. Provided, however, that if the petition is for a change of classification, there shall not be counted, either in numbers or area, the owners of land of the same classification as sought by the petitioners. Upon receipt of such petition the board shall submit the same to the commission for a report. Prior to reporting to the board, the commission shall hold at least one (1) public hearing thereon after giving at least fifteen (15) days notice thereof by publication in a newspaper of general circulation in the county seat and by posting of the area included in said proposed change. Upon receipt of the commission's recommendation the board shall hold a public hearing thereon at least fifteen (15) days notice of which shall be given by publication in a newspaper of general circulation in the county seat and by posting of the area included in said proposed change. After holding such hearing the board may adopt such amendment provided that if twenty (20) per cent of the owners of property by area and number within the zoning area file a protest to such proposed change, the change shall not be made except by the unanimous vote of all members of the board. The planning commission may on its own motion propose any amendment to the zoning ordinance and may after holding a public hearing as required herein transmit such proposal to the board which shall thereupon proceed as set forth herein for any other amendment."

Appellants contend that the power of the Board to amend a zoning ordinance changing zoning of district boundaries is not dependent upon the number of property owners who consent to such change. Appellants reason that since section 17–1915, supra, vests in the Commission authority to, of its own motion, propose such a change thereby giving the Board power to effect it, the statutory prescription that a party desiring an amendment secure the consent of fifty-one percent of the owners is merely a limitation on the right to be heard rather than a jurisdictional requirement essential to giving the Board power to act, as is contended by the appellee. Resolution of this issue is one of pure statutory construction, and, therefore, the rule fundamental and controlling is to ascertain and give effect to the intention of the legislature, Finch v. State Department of Public Welfare, 80 Ariz. 226, 295 P.2d 846; Ernst v. Collins, 81 Ariz. 178, 302 P.2d 941;

where the language of a statute is susceptible of more than one interpretation the court must adopt the interpretation which is reasonable, Mendelsohn v. Superior Court, 76 Ariz. 163, 261 P.2d 983; Hammons v. Waite, 30 Ariz. 392, 247 P. 799.

Section 17–1915, supra, expressly provides that the Commission may at any time on its own motion propose an amendment to a zoning ordinance changing zoning district boundaries within an area previously zoned. After noticing and hearing the matter the Commission is authorized to transmit its recommendations to the board, and such of itself gives the Board power to effect a change notwithstanding a want of consent of any or all of the property owners within the affected area. Of course, if twenty per cent (20%) of such property owners file a formal protest in opposition, no change can be adopted without unanimous approval of the Board. It is, therefore, clear that under section 17–1915, supra, the power to act of either the Commission or the Board is nowise dependent upon the consent of any of the affected property owners. It reasonably and logically follows that the portion of section 17–1915, supra, which provides that a person desiring a change must file with the Board a petition containing the written consent of fifty-one per cent (51%) of the affected property owners is a limitation on the right of a person to have his petition for change heard before the Commission rather than a jurisdictional requirement upon which the power of the Board to act is dependent.

We have already pointed out that the Commission is privileged to of its own motion institute a change in zoning district boundaries regardless of whether the proposed change is inspired by the Commission itself, at the urgency of any person, or otherwise. It is, therefore, under ordinary circumstances entirely within the discretion of the Commission whether a proposed change should be noticed and heard or be discarded without further consideration. It is only when a person desiring a change files a petition containing the written consent of fifty-one per cent (51%) of property owners as described in section 17–1915, supra, that he is entitled as a matter of right to be heard. It is, therefore, evident that the only legal effect of a petition containing the consent of fifty-one per cent (51%) of the property owners is to force the Commission to hear the matter. Nothing more is achieved thereby. We, therefore, hold that within the meaning of section 17–1915, supra, the withdrawal of consent of any number of the signatories from the petition at any stage of the proceedings provided for therein has no effect upon the jurisdiction of either the Commission or the Board to act upon the proposed change.

The judgment is reversed, with directions to quash the writ of certiorari.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.

Note: This opinion was prepared by Justice ARTHUR T. LA PRADE prior to his untimely death on June 30, 1957.

We approve it and release it as a PER CURIAM opinion.