460 P.2d 13

**STATE BOARD OF DIRECTORS FOR JUNIOR COLLEGES of Arizona, Petitioner,**

v.

**Gary K. NELSON, Attorney General, Respondent.**

**No. 9772.**

Supreme Court of Arizona.

In Banc.

Oct. 24, 1969.

Gust, Rosenfeld & Divelbess, by Fred H. Rosenfeld, Phoenix, for petitioner.

Gary K. Nelson, Atty. Gen., Phoenix, for respondent.

STRUCKMEYER, Justice.

This original petition for mandamus was filed by the State Board of Directors for Junior Colleges of Arizona against Gary K. Nelson, The Attorney General, to compel the certification of certain bonds proposed to be sold by petitioner. Jurisdiction was accepted on October 14, 1969, with an order directing the issuance of the alternative writ. Constitution of Arizona, Art. 6, § V [1], A.R.S. On October 21,

1969, the alternative writ was made peremptory with a written decision to follow.

On September 15, 1969, petitioner adopted a bond resolution authorizing the issuance of $1,700,000.00, Pima County Junior College District Revenue Bonds, Series A of 1969. The resolution and accompanying form of bond were submitted to respondent who indicated that he would not certify the bonds as a binding and legal obligation pursuant to the direction of the statute, A.R.S. § 15–696.08 for the reason that the interest would exceed the 6% maximum rate permitted by A.R.S. § 15–696.02.

The refusal of The Attorney General arises out of these salient facts. By statute, A.R.S. § 15–696.02, bonds may be issued by the State Board of Directors for Junior Colleges of Arizona in one or more series to bear interest at such rate or rates not to exceed 6% per annum, payable semi-annually, and may be either coupon or registered. Petitioner's resolution proposes the issuance of bonds for the Pima County Junior College District with two series of coupons, Series A and Series B. It is recited in the resolution that Series A coupons mean those interest coupons attached to the bonds which are payable from the gross revenues from the use of the District's facilities. The interest provided by the Series A coupons is within the 6% limitation allowed by statute.

The resolution further provides that Series B coupons shall mean those interest coupons attached to the bonds which are to be paid solely from those funds received under the terms of a contract between Pima County Junior College District and a United States Agency, the Department of Housing & Urban Development. These funds are to be received by the Pima County Junior College District in trust for payment of the Series B coupons. The aggregate of the interest payable under Series A and Series B coupons exceeds the maximum 6% semi-annual interest allowed by ½ of 1%.

By Chapter 13, sub. Ch. IX, § 1749 U.S.C.A. [12 U.S.C.A. § 1749] see Title 4 of the Housing Act of 1950, § 401–404, 64 Stats. 77, the Secretary of the Department of Housing & Urban Development may make annual grants to an educational institution to reduce the costs of its borrowing from other sources for the construction or purchase of facilities. The Secretary of the Department of Housing & Urban Development has indicated that a contract to reduce the cost of borrowing by the Pima County Junior College District will be entered into, granting an amount sufficient to meet the interest in excess of 6%.

It is the respondent's position that there is no authorization contained in the Constitution or Statutes of the State of Arizona which permits petitioner to exceed, directly or indirectly, the 6% interest rate limitation fixed by A.R.S. § 15–696.02.

It is apparent on the face of the resolution that the interest rate of the two interest coupons aggregates in excess of the 6% maximum authorized by law. We think, however, in testing the lawfulness of petitioner's proposed issue the court should look beyond the strict letter of the Act to determine whether in substance there is a violation of legislative intent.

In construing a statute, the spirit and purpose of the enactment must be considered and it should be, if possible, construed in accordance therewith. City of Phoenix v. Superior Court, 101 Ariz. 265, 419 P.2d 49; Westinghouse Electric Corp. v. Rhodes, 97 Ariz. 81, 397 P.2d 61; State v. Stockton, 85 Ariz. 153, 333 P.2d 735; Isley v. School District #2, 81 Ariz. 280, 305 P.2d 432. So, in the pursuance of the objective of giving effect to the intention of the Legislature, courts are not controlled by the literal meaning of the language of the statute. Feffer v. Bowman, 90 Ariz. 48, 365 P.2d 472; State ex rel. Lassen v. Harpham, 2 Ariz.App. 478, 410 P.2d 100; Continental Casualty Company v. Grabe Brick Co., 1 Ariz.App. 214, 401 P.2d 168.

The test of the spirit as against the letter of the law is one of practically universal acceptance. The Supreme Court of the United States in International Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237, 243, 72 S.Ct. 235, 239, 96 L.Ed. 275 said: "But literalness is no sure touchstone of legislative purpose." And, it is sometimes said that whatever is within the spirit of the statute is within the statute, although it may not be within the letter thereof.

■ The legislative intent in fixing maximum interest rates beyond which political subdivisions of the state may not contract is to prevent the imposition of excessive burdens upon residents and taxpayers so that no matter how desirable or necessary a project may appear the financial credit of government agencies will not be impaired. We believe that petitioner's bond proposal does not fall within the reasons for statutory limitations on the payment of interest.

The resolution provides that the State Board of Directors for Junior Colleges of Arizona for and on behalf of the Pima County Junior College District of Pima County, Arizona, promises to pay to the bearer of the series B coupons solely from those funds received from the Pima County Junior College District under the terms of the Department of Housing and Urban Development contract. The form of the bond as adopted by the resolution expressly provides that:

"All Series B coupons are payable * * soley from monies received by the [Pima County] District from an interest subsidy grant contract entered into between the District and the Department of Housing & Urban Development of the United States Government."

The only obligation of the Pima County Junior College District is to apportion the monies to the series "B" coupon redemption fund when received.

It is plain that the obligation to be incurred by the promise contained in the series B coupons is not an obligation of the residents or taxpayers of the Pima County Junior College District. These interest coupons are a contract between the State Board of Directors for and on behalf of the Pima County District and the bond purchasers or holders. The statutes *and the contract* measure the extent of and define the mutual rights and liabilities. Miners & Merchants Bank v. Herron, 46 Ariz. 71, 47 P.2d 430. Patently, from the form of the bond, the series B coupons are a promise to pay only from the monies received pursuant to the contract entered into between the Department of Housing & Urban Development and the Pima County District. Therefore payment is conditioned upon the receipt of such monies from the Department of Housing and Urban Development. If anything, it is the credit of the United States Government which is pledged toward the payment of the series B coupons.

■ We hold that the series B coupons are not within the prohibition of the statute § 15–696.02 supra. The peremptory writ heretofore ordered is directed to be made permanent.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.