587 P.2d 252

**ARIZONA DEPARTMENT OF REVENUE, an agency of the State of Arizona, Petitioner,**

v.

**MARICOPA COUNTY, a Body Politic and Corporate, George Campbell, Hawley Atkinson, Ed Pastor, Fred Koory and Tom Freestone, as members of the Board of Supervisors of Maricopa County, Ken Kunes, Maricopa County Assessor, and Glenn O. Stapley, Maricopa County Treasurer, Respondents.**

**No. 13979.**

Supreme Court of Arizona,
In Banc.

Nov. 9, 1978.

John A. LaSota, Jr., Atty. Gen., by Mary Z. Chandler, James D. Winter, Asst. Attys. Gen., Phoenix, for petitioner.

Charles F. Hyder, Maricopa County Atty., by Albert Firestein, Philip W. Messinger, Deputy County Attys., Phoenix, for respondents.

STRUCKMEYER, Vice Chief Justice.

This special action was brought by the Arizona Department of Revenue to resolve a dispute with Maricopa County over the proper application of § 22 of Ch. 152 of the Session Laws of 1977. Request for relief denied.

The Arizona Department of Revenue is an agency of the State of Arizona, charged by A.R.S. § 42–111.03 with providing a co-ordinated and uniform system of tax administration for the State. It has general supervision over the counties of the State in the enforcement of the ad valorem property tax laws of the State of Arizona, A.R.S. § 42–123.01. Pursuant to the foregoing statutes, it brings this action.

In Arizona, to obtain the amount of taxes to be paid by a property owner, the tax rate is applied to the assessed valuation of his property. The formula for obtaining the assessed valuation of property is contained in A.R.S. § 42–227. It provides that the assessed valuation of property shall be different for different classes of property; e. g., the highest assessed valuation being class one property at 60% of its full cash value, and the lowest, class five property (residential), at 15% of its full cash value. The assessed valuation is the percentage of the cash value of the taxpayer's property set forth in § 42–227.

Because of recent increases in property valuations resulting from inflation, taxing authorities have been able to increase tax revenues without increasing tax rates. By § 22, Ch. 152 of the Session Laws of 1977, the Legislature attempted to reduce this inflationary increase in the assessed valuation of property by providing a decrease in assessed valuations. Section 22(A) provides:

> "Notwithstanding any provision of law to the contrary, for the tax year 1978, *the finally equalized valuations* of property used for the purpose of levying a tax at rates determined pursuant to law *shall be* an amount *determined by dividing the assessed valuation* determined pursuant to § 42–227 *by 1.05.*" (Emphasis added.)

Section 22(A) requires that the "finally equalized valuations" of properties be determined by dividing assessed valuations by 1.05. Assuming a residence with a full cash value of $30,000.00, its equalized valuation would be obtained in this manner. By re-ducing the $30,000.00 to 15% (§ 42–227), the assessed valuation would be $4,500.00. Then applying § 22(A): $4,500.00 divided by 1.05 equals $4,285.71. This is the "finally equalized valuation" spoken of in § 22(A) of Ch. 152 and $4,285.71 is the valuation against which the tax rate is applied.

Section 22 has been applied seemingly without problem except for the tax exemption allowed by Art. IX, § 2 of the Arizona Constitution. It provides that the property of widows, veterans and others named therein is exempt from taxation up to the value of $2,000.00 if the total assessed value does not exceed $5,000.00. The Department has interpreted § 22(A) of Ch. 152 to mean that the 1.05 factor when applied to the properties of widows and veterans should be applied after deduction of the $2,000.00 exemption from the assessed valuation. The County's interpretation is that the $2,000.00 exemption should be taken after the application of the 1.05 factor. A simple example illustrates the respective interpretations assuming an assessed valuation of $5,000.00:

| Department's Interpretation | | County's Interpretation | |
|---|---|---|---|
| Assessed valuation | $5,000 | Assessed valuation | $5,000 |
| Less exemption | 2,000 | Divided by | 1.05 |
| | 3,000 | | 4,762 |
| Divided by | 1.05 | Less exemption | 2,000 |
| | $2,857 | | $2,762 |

In the County's interpretation, the figure $4,762 is the finally equalized valuation. From it, the exemption is deducted.

The phrase "finally equalized valuations" is not defined in the statute and has been used by the Legislature only in § 22(A) and (B) and one other statute. In A.R.S. § 42–304(A), the governing body of each county shall fix, levy and assess the amount to be raised by direct taxation

> "and shall fix and determine a rate on each one hundred dollars of taxable property shown by the *finally equalized valuations of property, less exemptions,* appearing upon the tax rolls for such fiscal year, which when extended upon such valuations will, in the aggregate, produce the entire amount to be raised by direct taxation for that year." (Emphasis added.)

By § 42–304(A), exemptions are to be deducted from the "finally equalized valuations" of property.

It is a basic principle of statutory construction that tax statutes relating to the same subject should be read together and construed as a whole. *Arizona State Tax Commission v. Staggs Realty Corp.,* 85 Ariz. 294, 337 P.2d 281 (1959). By § 22(A) of Ch. 152, the "finally equalized valuations" of property can be determined only by dividing assessed valuations by 1.05. By § 42–304(A), exemptions must be taken from the finally equalized valuations in order to produce the amount necessary to be raised by direct taxation for the year. When the two statutes are read together, it is plain the 1.05 must be divided into the assessed valuation before any exemption is deducted.

Moreover, the County's interpretation is consistent with legislative intent. Courts will look to the intent of the Legislature and construe the law in accordance with that intent. See *Sellinger v. Freeway Mobile Home Sales, Inc.,* 110 Ariz. 573, 521 P.2d 1119 (1974); *State Board of Directors for Junior Colleges v. Nelson,* 105 Ariz. 119, 460 P.2d 13 (1969). The obvious intent of the Legislature in adopting § 22 of Ch. 152 was to permit a reduction in assessed valuations in order to relieve the tax burdens of property owners. Under the Department's interpretation, but not under Maricopa County's, some widows and veterans would lose their exemptions because of the increase in assessed valuations.

In 1977, prior to the adoption of § 22 of Ch. 152, a widow's or veteran's exemption would be calculated by taking the total assessment of his property if $5,000.00 or less and subtracting $2,000.00. Taxes would be paid on the remainder. If a widow or veteran had a total assessment of $5,000.00, $2,000.00 would be deducted, leaving $3,000.00 on which to pay taxes. Under Maricopa County's interpretation of § 22, in 1978 if the same widow or veteran now had up to $5,250.00 of assessed valuation, the 1.05 factor would reduce the assessed valuation to $5,000.00 or below, and the widow or veteran would have a total assessment in an amount which allowed a $2,000.00 exemption. Under the Department's interpretation, if $5,250.00 is considered as the widow's or veteran's total assessment, such widow or veteran could not claim a tax exemption at all and legislation designed to reduce others' taxes will by administrative construction increase the taxes of some widows and veterans. We cannot assume that the Legislature intended to discriminate against widows and veterans.[1]

We therefore conclude that all assessed valuations, not just some, must be reduced by application of § 22 prior to the determination of whether the taxpayer qualifies for the exemptions allowed by Art. IX, § 2 of the Arizona Constitution.

Request for relief denied.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.

---

1. In addition, if § 22(A) is applied as the Department urges, the value of the widow's and veteran's exemption is reduced in some amount below the $2,000.00 fixed by the Constitution. If, for example, a taxpayer has an assessed valuation of $3,000.00, by the application of § 22 he would have a taxable valuation of $2,857.14 ($3,000.00 ÷ 1.05 = $2,857.14). But if a widow or veteran taxpayer has $3,000.00 of assessed valuation and his exemption was first deducted, the 1.05 when applied to the $1,000.00 remainder would result in a taxable valuation of $952.38. The difference between a taxable valuation of $2,857.14 and the widow's and veteran's taxable valuation is $1,904.76. Hence, the Department's interpretation has decreased the exemption to $1,904.76, a loss to the widow or veteran of $95.24.