630 P.2d 569

**Thomas ABBOTT et al., Plaintiff-Appellants,**

v.

**CITY OF TEMPE, a municipal corporation, Defendant-Appellee.**

**No. 1 CA–CIV 5061.**

Court of Appeals of Arizona, Division 1, Department A.

May 12, 1981.

Rehearing Denied June 8, 1981.

Review Denied June 30, 1981.

John D. Lewis, P. C. by John D. Lewis, Tempe, for plaintiffs-appellants.

David R. Merkel, City Atty. of Tempe, Tempe, for defendant-appellee.

## OPINION

OGG, Judge.

Plaintiffs are ninety-five firemen of the Tempe Fire Department who have sued the City of Tempe for failing to follow its personnel rules and regulations adopted by ordinance. They appeal from a judgment of the trial court in favor of the City of Tempe. After a close examination of Ordinance 636 and its subsequent amendments, we affirm the decision of the trial court.

The method for establishing Tempe firemen's salary and advancement is set by Tempe Ordinance No. 636, Personnel Rules and Regulations. The ordinance was first adopted in August 1970 and has subsequently been amended on several occasions. The firemen claim a violation of the ordinance and a resultant loss of pay in the following areas: merit pay, promotion pay, holiday pay, and vacation benefits. This court will first analyze the claimed violation in regard to merit and promotion pay. Then we will examine the claimed violation of holiday pay and vacation benefits.

## I.  MERIT AND PROMOTION PAY

A general understanding of the pay provisions of Ordinance 636 is necessary before the specific claims of the firemen are considered. A fireman may receive two types of pay increases. First, a fireman receives a pay increase when he is promoted to a higher class. The classifications for firemen are Dispatcher, Firefighter, Fire Engineer, Paramedic, Captain, Battalion Chief, Assistant Chief and Fire Chief. These classes are based on the difficulty, required skill and responsibility of the work performed. To obtain a promotion to a higher class, a fireman must first take a competitive examination.

Second, within each class there are seven salary steps. The City of Tempe Employee Handbook explains that there is a twenty-five percent increase in pay between the first and last steps of each class. There is a two and one-half percent increase from step one to step two, a five percent increase from steps two through six, and a two and one-half percent increase to step seven.[1] Merit increases are based on satisfactory performance and recommendation of the employee's superiors.

1. For example, in July 1978, pursuant to Ordinance 636, the City of Tempe adopted the following pay plan for firefighters and fire engineers:

| Fire Fighter | Step | 1 | $12,655 |
|---|---|---|---|
| | | 2 | 13,300 |
| | | 3 | 13,984 |
| | | 4 | 14,706 |
| | | 5 | 15,454 |
| | | 6 | 16,254 |
| | | 7 | 17,080 |

| Engineer | Step | 1 | $13,300 |
|---|---|---|---|
| | | 2 | 13,984 |
| | | 3 | 14,706 |
| | | 4 | 15,454 |
| | | 5 | 16,254 |
| | | 6 | 17,080 |
| | | 7 | 17,957 |

The ordinance with regard to merit pay and promotion pay has not been amended since its adoption in 1970. It is the firemen's claim, however, that the personnel director of the city has failed to follow certain provisions of Ordinance 636 in awarding merit pay and promotion pay, and therefore the firemen have arbitrarily been denied compensation as required by law.

■ In construing an ordinance, courts are guided by the same rules and principles governing the construction of statutes. *Arizona Found. for Neurology & Psych. v. Sienerth*, 13 Ariz.App. 472, 477 P.2d 758 (1970). Thus, the construction of an ordinance is a question of law. *Arizona State Bd. of Accountancy v. Keebler*, 115 Ariz. 239, 564 P.2d 928 (App.1977). The cardinal rule in construing an ordinance is to ascertain and give effect to the intent of the law-making body. *Arizona Dept. of Revenue v. Maricopa County*, 120 Ariz. 533, 587 P.2d 252 (1978); *Sandblom v. Corbin*, 125 Ariz. 178, 608 P.2d 317 (App.1980). In determining the intent of an ordinance, a court must consider the ordinance as a whole and give harmonious effect to all its sections. *Golder v. Department of Revenue, St. Bd. of Tax Appeals*, 123 Ariz. 260, 599 P.2d 216 (1979). However, where the language of a statute is susceptible of more than one interpretation, the court will adopt the interpretation that is reasonable. *Sandblom v. Corbin, supra; Hart v. Arganese*, 82 Ariz. 380, 313 P.2d 756 (1957). The court will not be bound to the literal interpretation of terms of an ordinance where such an interpretation would thwart the purpose of the ordinance. *State Board of Directors for Jr. Colleges v. Nelson*, 105 Ariz. 119, 460 P.2d 13 (1969); *State v. Harpham*, 2 Ariz. App. 478, 410 P.2d 100 (1966).

■ First, we will consider the firemen's claim in regard to merit pay.

Provisions for the award of merit pay are contained in Rule 5 of Ordinance 636. Rule 5, Section 6 in part states:

Every classified employee . . . appointed at the first or second step of the pay range of a class may, at the completion of six full months of employment, be advanced to the next step in the pay range for their class until the third step is reached, and thereafter annually until the maximum step (step 7) in the pay range is reached.

\*     \*     \*     \*     \*     \*

Every classified employee, . . . appointed at the third or higher step of the pay range of a class may, at the completion of each full year of service, be advanced to the next step in the pay range for their class until the maximum step (step 7) in the pay range is reached.

It has been the practice of the city to use the anniversary date of an employee's employment to calculate merit pay increases.[2] This method of calculating increases in merit pay is altered, however, if a fireman is promoted to a new class. If a fireman is promoted within ninety days before his anniversary date, he is given a merit and promotion increase in salary. If the promotion occurs more than ninety days before his anniversary date, he receives only a promotion increase. He must serve one year in his new class before receiving another merit increase. In other words, his merit pay increases are no longer based on his anniversary date but are based on his classification date.[3]

Both the firemen and the city agree that provisions for the "ninety day rule" are not contained in the ordinance. The city argues that the ninety day rule is a reasonable administrative rule that is not in conflict with Ordinance 636. On the other hand, the firemen claim that this practice violates Ordinance 636 because, pursuant to the language of Rule 5, Section 6, merit increases should be automatic based solely on the length of employment with the city. Therefore, a promotion should not affect a

2. Rule 3, Section 2 of Ordinance 636 defines anniversary date as "[t]hat date on which one begins employment with the City of Tempe."

3. Rule 3, Section 5 of Ordinance 636 defines classification date as "[t]he date upon which an individual is assigned to a specific classification within the classified service."

fireman's right to receive a merit pay increase. A careful examination of Ordinance 636 requires rejection of the firemen's interpretation.

Initially, contrary to the argument presented by the firemen, it is clear that the drafters of the ordinance never intended for merit increases to be automatic based solely on length of service. Rule 5 Section 4 in part states: "Advancements shall not be automatic but shall depend upon increased service value of an employee to the City as exemplified by the recommendation of one's supervising official, length of service, performance record, special training undertaken or other pertinent evidence. . . . "

It is further this court's opinion that Rule 5, Section 6 answers only whether a merit increase is due, if earned, when an employee remains within a class. It does not answer the question of when a merit increase is due to a promoted employee. The language of Rule 5, Section 6 relied on by the firemen discusses only the advancement of an employee from one pay step to the next within a class. Indeed, other language in Rule 5 suggests that merit increases are not based on one's anniversary date but are based on one's classification date. Rule 5 Section 4 in part states: "When approved, the effective date of merit increases shall be the first day of the bi-weekly pay period following the classification date. . . . "

In determining the intent of the authors of Ordinance 636, this court will construe the language of Rule 5 in the context of the entire ordinance and give harmonious effect to all the ordinance's sections. *See Golder v. Department of Revenue, State Bd. of Tax Appeals, supra.* The practice of not awarding merit pay increases during the first year of employment in a new class is consistent with the provisions of Rule 13 requiring that a promoted fireman serve a one-year probation period upon promotion to a new class. Rule 13, Section 1 states that "[e]very classified employee shall work satisfactorily for a period of probation in order to satisfy the requirements for regular employment in that class. . . . For fire

employees the period [of probation] shall be 12 months." Section 3 points out that "[a] promoted employee who fails to complete the required probationary period because of inability to satisfy the minimum job requirements shall be entitled to return to that position and class in which they completed a probationary period." The same consideration that goes into the determination of whether a fireman receives a merit increase also goes into the determination of whether a fireman receives regular employment in his new class: has the fireman satisfactorily performed his job? As a result, it would be inconsistent for the city to award to a newly promoted fireman merit increases based on satisfactory job performance when the fireman has failed to prove that he can satisfactorily perform his new job.

Therefore, it is this court's conclusion that the so-called "ninety day rule" is a reasonable administrative policy that is consistent with Ordinance 636. As pointed out at trial, the "ninety day rule" applies when an employee has served three-fourths of the period required for a merit increase. Assuming that the employee has performed his job satisfactorily, the employee probably would have received a merit increase if he had not been promoted. In effect, the city is doing more than the ordinance requires.

■ Next, this court will consider the firemen's claim in regard to promotion pay.

It has been the practice of the City of Tempe to award an individual at least a five percent pay increase upon promotion. However, since the city has adopted pay ranges for each classification that overlap, a fireman may be promoted without increasing his salary above that of employees in the lower class.

The firefighters claim that this practice violates Rule 3, Section 27 of the personnel rules which defines a promotion as: "An advancement from a lower class to a higher class involving an increase in responsibility and an increase in salary beyond the limit fixed for the lower class." The firemen contend that the appropriate and acceptable resolution of salaries requires that upon

promotion to a higher class the party so promoted should make in excess of the top step of an employee in the lower class.[4]

The city argues however, that one must read Rule 3, Section 27, in conjunction with Rule 7, Section 1 and Rule 5, Section 6 to glean the true legislative intent of Ordinance 636. Rule 7, Section 1 states: "Upon promotion to another class an employee shall receive a rate of pay at least one step higher than he was receiving in his former class . . ." Rule 5, Section 6 in part states: "No City employee may receive a pay increase of more than 10 percent within a 12-month period unless approved by the City Council." The city contends that its procedure for awarding promotion pay complies with these provisions. When an employee is promoted to a higher class, he receives a rate of pay at least one step higher than he was receiving in his former class, and he has an opportunity, over a period of time, to earn merit increases above what he was receiving or could have received in the lower class.

Since it appears that the language of Ordinance 636 in regard to promotion pay is susceptible of more than one interpretation, this court must adopt the interpretation that is reasonable. This court will not be bound to a literal interpretation of the terms of Ordinance 636 where such an interpretation would thwart the purpose of the ordinance. *See Hart v. Arganese, supra,* and *Sandblom v. Corbin, supra.* Rule 1, Section 1 of Ordinance 636 states that the purpose of adopting a personnel system was "to attract to municipal service the best and most competent persons available; to assure that appointments and promotions of employees will be based on merit and fitness; and to provide a reasonable degree of security for qualified employees . . ." It is clear from reading Ordinance 636 in its entirety that the city council concluded that this purpose could only be reached if a

system was established which provided both for valuable merit increases within each class and promotion opportunities with higher pay and more responsibility.

If the city was forced to adopt the firemen's interpretation of Ordinance 636, it would be faced with one of two choices. First, the city could significantly limit the current twenty-five percent merit salary range within each class.[5] This would enable the city to promote a fireman from one class to another without increasing his pay more than ten percent, and yet he would be earning more than an employee at step seven in the lower class. The effect of this choice, however, would be to significantly limit valuable merit pay increases within a class. On the other hand, the city could maintain its current salary range within each class. Rather than promote a fireman from one class to another, increasing his salary from fifteen to twenty percent so that he is earning more than an employee at step seven in the lower class, it would be to the city's advantage to hire a new employee. The new employee's salary would not need to be beyond the salary fixed for the lower class. This choice would in effect eliminate any incentive to promote employees. Clearly, neither of the above results was intended. Therefore, it is this court's conclusion that the city's interpretation of Ordinance 636 is the only reasonable interpretation.

In conclusion, this court finds that the city has not violated the terms of Ordinance 636 in regard to merit and promotion pay.

## II. HOLIDAY PAY AND VACATION BENEFITS

Since Ordinance 636 was adopted by the city council in 1970, it has been amended several times. These amendments have decreased the firemen's rate of holiday pay and their accrual of vacation credits. The

4. See footnote 1 *supra.* For example, a firefighter at step four, earning $14,706, may be promoted to an engineer at step four and earn $15,454. The firemen claim that upon promotion he should receive more than a firefighter at step seven, who is earning $17,080.

5. Ordinance 636 does not provide that there should be a twenty-five percent merit salary range within each class. The city, however, has chosen each year to adopt such a range.

firemen claim that most of them were employed by the City of Tempe before the amendments to Ordinance 636. Therefore, they argue that the unilateral reduction of these benefits is a violation of their "contract of employment."

In support of this argument, the appellants rely on *Yeazell v. Copins*, 98 Ariz. 109, 402 P.2d 541 (1965). In *Yeazell* the Arizona Supreme Court held that a public employee had a vested contractual right to receive pension benefits in accordance with legislation that existed at the time he entered into public employment. The court reasoned that pension benefits were deferred compensation, earned immediately upon the performance of services for a public employer. Therefore subsequent legislation could not be applied retroactively to impair the employee's vested rights. *Accord, City of Phoenix v. Boerger*, 5 Ariz.App. 445, 427 P.2d 937 (1967).

This court distinguished *Yeazell* in *Bennett ex rel. Arizona State Personnel Commission v. Beard*, 27 Ariz.App. 534, 556 P.2d 1137 (1976). In *Bennett*, an architect for the Arizona Highway Department was hired when administrative regulations provided that annual leave accrued at the rate of 18 annual leave days a year. After legislation created the Arizona Merit System (A.R.S. §§ 41–761 through 785), the accrual rate was reduced to fifteen annual leave days a year. Relying on *Yeazell*, the employee argued that a contractual relationship was established between himself and the state upon his acceptance of employment, and one of the provisions of the contract was a right to receive annual leave benefits at the old rate. This court agreed that *Yeazell* was controlling if the benefits acquired by the employee were vested. Under the Arizona Highway Department's policy, leave benefits were computed yearly. Since the employee had completed one year of service before the adoption of the Arizona Merit System, we noted that under *Yeazell* he had vested rights in eighteen days of leave.

*Bennett*, however, did not involve the retroactive impairment of vested rights but the power to alter the terms of future employment. The argument that the appellant had a contractual right to continue leave benefits into future employment was rejected. This court held that the appellant had no right to continue benefits into the future in the absence of a formal written contract setting forth that right, or a statute giving such a right, neither of which was present in the case.

The firemen in the present case have not argued that the amendments to Ordinance 636 affected the rate of holiday pay or vacation credits already accrued by reason of their prior service. In addition, the firefighters have not argued that a formal written contract existed with the City of Tempe which provided for future employment at the old rate of holiday pay and vacation credits. Rather, they argue that Ordinance 636 as originally enacted became a part of the firemen's contract of employment which could not be unilaterally altered by the city. The firemen further contend that *Bennett* is distinguishable because the firemen in the present case were hired *after* the adoption by statute of a merit system. They point out that pursuant to Ordinance 636, employees can no longer be terminated at will by the city. There are promotion rights, promotion pay, merit pay, holiday pay and vacation benefits, all set out by statute. This court must reject the firemen's argument.

First, it is clear from the language used in Ordinance 636 that no vesting of future contract rights was intended. Rule 1, Section 3 D. gives the personnel officer the authority to "recommend to the City Manager revisions and amendments to the Personnel Ordinance." Rule 23 provides a detailed procedure for the amendment of the ordinance. Rule 23 states: "Seven days before amendments are adopted to these rules, notice of such action shall be issued.... After review by the City Manager, the proposed rules amendments shall be discussed with the Personnel Procedures Committee, then the City Council. The City Council may adopt them with or without amendment." This court can only con-

clude that the City of Tempe in adopting a merit system never intended to lock itself in perpetuity to the terms of Ordinance 636 as it was originally enacted in 1970.

Second, even if Ordinance 636 did not contain a detailed procedure for its own amendment, this court is unconvinced that the creation by statute of a merit system establishes in public employees vested contractual rights immune from prospective repealing or modifying statutes. Certainly neither *Bennett* nor *Yeazell* stands for this proposition. In both these cases, the courts recognized that a vested contractual right to benefits existed only when an employee had already performed services and earned benefits, the payment of which was to be made at a future date. This same rationale does not apply where a city has merely adopted an ordinance which provides for the payment of certain benefits, and an employee has yet to perform services entitling him to the benefits. *See also Longshore v. County of Ventura*, 25 Cal.3d 14, 598 P.2d 866, 157 Cal.Rptr. 706 (1979); *Miller v. State*, 18 Cal.3d 808, 557 P.2d 970, 135 Cal.Rptr. 386 (1977); *Stephens v. City of Billings*, 148 Mont. 372, 422 P.2d 342 (1966); *Personnel Division of Executive Department v. St. Clair*, 10 Or.App. 106, 498 P.2d 809 (1972).

This court can only conclude that to the extent services were rendered by the Tempe firemen under Ordinance 636 which provides for certain holiday and vacation pay benefits, the right to such benefits vested upon performance of the service and ripened into a contractual obligation of the city. Nevertheless, the power of the city to prospectively reduce or modify non-vested holiday and vacation benefits is not limited by Ordinance 636.

The judgment of the trial court is affirmed.

HAIRE, J., and YALE McFATE, J. (Retired), concur.