818 P.2d 246

**CALIFORNIA COTTON COOPERATIVE ASSOCIATION, LTD., Plaintiff–Appellee,**

v.

**ARIZONA DEPARTMENT OF REVENUE, Defendant–Appellant.**

**No. 1 CA–TX 90–023.**

Court of Appeals of Arizona, Division 1, Department T.

Oct. 1, 1991.

Grant Woods, Atty. Gen. by John William Ranby, Asst. Atty. Gen., Phoenix, for defendant-appellant.

Richard H. Lane, Phoenix, for plaintiff-appellee.

## OPINION

LANKFORD, Presiding Judge.

In *Hibbs v. Calcot, Ltd.*, 166 Ariz. 210, 801 P.2d 445 (App.1990), we held that certain real property owned by appellee California Cotton Cooperative Association, Ltd. (Calcot) properly should have been classified as class three (commercial) property pursuant to Ariz.Rev.Stat.Ann. (hereafter cited as "A.R.S.") § 42–162(A)(3) for the tax year 1986. Relying on *Hibbs*, the Arizona Department of Revenue now appeals from the Arizona Tax Court's summary judgment classifying the same property as class four (agricultural) property pursuant to A.R.S. § 42–162(A)(4)(a) for the tax year 1989.[1] Calcot urges that the judgment be affirmed because the Department lacked statutory authority to appeal to the Board of Tax Appeals from the classification decision rendered by the Maricopa County Board of Equalization.

## I.

The Arizona Tax Court entered a judgment in Maricopa County Cause No. TA–799 determining that Calcot's property

---

1. The classification of property determines the percentage by which its assessed valuation will be calculated. A.R.S. § 42–227(A). Class three property is assessed at twenty-five percent of its full cash value. A.R.S. § 42–227(A)(3). Class four property is assessed at sixteen percent of its full cash value. A.R.S. § 42–227(A)(4). The classification assigned to a particular parcel has significant taxation consequences to its owner because the amount of the owner's tax is determined by applying the tax rate against the assessed valuation of the property. *See* A.R.S. §§ 42–201, 42–206; *Hibbs v. Chandler Ginning Co.*, 164 Ariz. 11, 12, 790 P.2d 297, 298 (App. 1990).

should have been classified as class four property for the tax year 1986. *See Hibbs v. Calcot, Ltd.*, 166 Ariz. at 212, 801 P.2d at 447. This decision was entered April 6, 1988.

In administrative proceedings underlying the present appeal, the Board issued a decision on May 1, 1989, that placed Calcot's property in class four for the 1989 tax year. On May 4, 1989, the Department appealed this decision to the State Board of Tax Appeals, Division One, in the form of a standard "Petition for Review of Valuation (DPVE Form 130)" which invoked A.R.S. § 42–245 as the statutory authority for the appeal. On August 8, 1989, the State Board of Tax Appeals issued a decision reclassifying Calcot's property from class four to class three.

Calcot timely commenced a property tax appeal in the Arizona Tax Court pursuant to A.R.S. §§ 42–176, 42–177 and 42–204. Calcot's Notice of Property Tax Appeal alleged that: (1) the hearing before the State Board of Tax Appeals was illegal because A.R.S. § 42–245 does not authorize the Department to appeal to the State Board of Tax Appeals from a change in classification made by a county board of equalization; (2) even if the State Board of Tax Appeals had jurisdiction to hear the classification appeal, its decision was contrary to the Arizona Tax Court's judgment of April 6, 1988, classifying the same property as class four for the tax year 1986; and (3) Calcot's property should be classified as class four under A.R.S. § 42–162(A)(4) because, *inter alia*, it is used for agricultural and agricultural support functions.

Calcot moved for summary judgment on the first and second grounds. In response, the Department conceded that the collateral estoppel effect of the 1988 judgment entitled Calcot to a class four classification. The Department disputed Calcot's contention that the statute did not authorize the appeal.

By minute entry, the Arizona Tax Court granted summary judgment in favor of Calcot based on the Department's concession. The court expressly elected not to decide whether the Department's appeal to the Board of Tax Appeals was authorized. The court later entered formal judgment in accordance with its ruling.

The Department timely appealed from the tax court's decision. This Court filed its opinion in *Hibbs*, 166 Ariz. 210, 801 P.2d 445, in which we held that classification of Calcot's property as class four for the tax year 1986 was error, and held that the property should instead be designated as class three property because it was " 'devoted to [a] commercial ... use' and should properly be designated as class 3 under A.R.S. § 42162(A)(3)." [2]

The Department argues in this appeal that the tax court's judgment should be reversed based on *Hibbs v. Calcot*, 166 Ariz. 210, 801 P.2d 445, and the doctrine of collateral estoppel. Calcot does not oppose the Department's contention, observing that *Hibbs v. Calcot* eliminated the legal basis for the tax court's ruling in favor of Calcot in this case. As a cross-contention in support of the judgment, however, Calcot argues that the Department had no statutory authority for its appeal to the State Board of Tax Appeals from the classification decision of the Maricopa County Board of Equalization. Calcot concludes that the State Board of Tax Appeals' decision classifying the property as class three was of no legal effect and, therefore, the Arizona Tax Court's order reversing it should be sustained.

## II.

We must decide whether the Department has statutory authority to appeal to the State Board of Tax Appeals from a classification decision of a county board of equalization.

### A.

■ We observe initially that Calcot has correctly raised this issue as a cross-issue

**2.** On December 18, 1990 the Arizona Supreme Court denied Calcot's petition for review of our opinion in *Hibbs.*

in response to the Department's appeal rather than as an issue on cross-appeal. In *Bowman v. Board of Regents*, 162 Ariz. 551, 785 P.2d 71 (App.1989), we stated:

> In the absence of a cross-appeal, an appellee may raise a cross-issue in its answering brief only when it meets these criteria:
> (1) The cross-issue must be an argument in support of the judgment, not merely in support of the ultimate disposition on grounds that would attack the judgment;
> (2) The cross-issue must have been presented and considered by the trial court in rendering the judgment, whether or not the trial court ultimately rejected or simply ignored the issue in any disposition; and
> (3) The cross-issue must not result in an enlargement of appellee's rights or a lessening of appellant's rights on appeal.

*Id.* 162 Ariz. at 559, 785 P.2d at 79. *Accord Hibbs v. Chandler Ginning Co.*, 164 Ariz. at 13–14, 790 P.2d at 299–300.

In this case Calcot's cross-issue supports rather than attacks the judgment. *Cf. Hibbs v. Chandler Ginning Co.*, 164 Ariz. at 13–14, 790 P.2d at 299–300 (cross-issue sought affirmance of judgment on ground that trial court lacked jurisdiction to consider Department of Revenue's property tax appeal). Calcot presented this issue to the Arizona Tax Court which considered it but elected not to decide it. Finally, the resolution of Calcot's cross-issue in Calcot's favor would not result in an enlargement of Calcot's rights or a lessening of the Department's rights on appeal.

### B.

■ The statutory scheme in effect during the administrative proceedings in this case made separate provisions for appeals by property owners and appeals by the Department of Revenue. A property owner could petition the assessor concerning any perceived valuation or classification error after receiving notice from the county assessor concerning the valuation and classification of his property. A.R.S. § 42–221(E). The property owner could thereafter appeal from the assessor's ruling to a board of equalization, consisting of the county board of supervisors of the county where the property was located. A.R.S. § 42–241(A).

Pursuant to A.R.S. § 42–241.01(F), if a county board of equalization were to deny the property owner's request for relief in whole or in part, the property owner could appeal to the State Board of Tax Appeals from its decision pursuant to former A.R.S. § 42–245 (1986), which provided in pertinent part:

> Any person who is dissatisfied with the valuation or classification of his property as fixed by the county board of equalization may appeal in the following manner:
> (1) To the superior court in the manner provided in section 42–177 on or before November 1....
> (2) To the state board of tax appeals by filing a petition with the state board within fifteen days of the date of the mailing of the decision or the decision of the county board, whichever is later....

As an alternative to appealing to a county board of equalization and then to the State Board of Tax Appeals, a property owner instead could appeal directly to the Arizona Tax Court pursuant to former A.R.S. § 42–246 (1986), which provided:

> Any person dissatisfied with the valuation or classification of his property as determined by the county assessor may, whether or not he files an appeal with the assessor, county board or state board, appeal to the superior court in the manner provided in section 42–177 on or before November 1.

The statutory scheme for property tax appeals by the Department differed in some respects from appeals by property owners. The former version of A.R.S. § 42–141 (1986) provided in part (B) that the department may:

> (7) Contest any proposed valuation or classification or any proposed change in valuations or classifications before any county board of equalization or before the state board of tax appeals. If any decision of any county board of equalization or of the state board of tax appeals

is, in the opinion of the director, erroneous, the director may appeal such decision to the superior court in the manner provided in § 42–177, on or before the final date a taxpayer may file an appeal from the valuation or classification of his property.

In addition to appeal to the Arizona Tax Court from decisions of any county board of equalization or the State Board of Tax Appeals, the Department had authority under former A.R.S. § 42–245(C) (1986) to appeal to the State Board of Tax Appeals in the manner provided by former A.R.S. § 42–245(A)(2) (1986) "[i]n all cases where the county board has ordered a reduction in valuation of any property...."

As the preceding summary indicates, A.R.S. § 42–245(A) permitted any person dissatisfied with the *"valuation or classification"* of his property fixed by a county board of equalization to appeal to the State Board of Tax Appeals. (Emphasis added.) In contrast A.R.S. § 42–245(C) permitted the Department to appeal to the State Board of Tax Appeals only "where the county board has ordered a reduction in *valuation* of any property." (Emphasis added.)

Calcot argues that the difference in language between subsections (A) and (C) of former A.R.S. § 42–245 (1986) reveals that in property classification cases, the Department lacks authority to appeal to the State Board of Tax Appeals. In response, the Department argues that despite the use of the specific term "valuation," former A.R.S. § 42–245(C) (1986) should be construed as authorizing appeals from county board of equalization decisions affecting both property classification and valuation.

Our own study reveals that "valuation" is a statutorily defined term. A.R.S. § 42–201 provided in part:

In this title, *unless the context otherwise requires:*

.    .    .    .    .

13. "Valuation" means the full cash value or limited property value, whichever is applicable, found for use on the roll. (Emphasis added.)

This general definition at first blush appears to support Calcot's contention that former A.R.S. § 42–245(C) (1986) did not authorize the Department to appeal to the Board of Tax Appeals from decisions of county boards of equalization affecting only classification. For a number of reasons, we nevertheless cannot accept Calcot's view.

The fundamental rule of statutory construction is to ascertain and to give effect to the intention of the Legislature as expressed in the statute. *Arizona Dept. of Revenue v. Maricopa County,* 120 Ariz. 533, 535, 587 P.2d 252, 254 (1978). To arrive at the intention of the Legislature, the court looks to the "words, context, subject matter, effects and consequences, reason and spirit of the law." *Arnold Const. Co., Inc. v. Arizona Bd. of Regents,* 109 Ariz. 495, 498, 512 P.2d 1229, 1231 (1973).

Other statutes concerning property tax appeals are helpful in determining the Legislature's intention; related statutes "should be read together and construed as a whole." *See Arizona Dept. of Revenue v. Maricopa County,* 120 Ariz. at 535, 587 P.2d at 254. Other statutes include both classification and valuation within the concept of "valuation." For example, A.R.S. § 42–221(A) designates each county assessor as a deputy director of the Department of Revenue "for the purpose of determining the *valuation* of property within his county for state property tax purposes." (Emphasis added.) However, subsection (D) of the same statute requires the assessor to notify property owners annually of *both* the full cash value of the property and *"the classification* given the parcel of property pursuant to A.R.S. § 42–162...." (Emphasis added.)

Similarly, former A.R.S. § 42–221(E) (1986) permitted a property owner to file with the assessor a petition "setting forth in writing the owner's opinion of what is a just valuation and facts upon which the assessor should base a reduction or correction of the valuation." Although a literal reading of this language suggests that a petition might address valuation, the right to file such a petition extended to "[a]ny

owner of property which in his opinion has been valued too high or *otherwise improperly* valued or *listed* on the roll...." (Emphasis added.) This language makes it clear that a property owner might also petition concerning the correctness of his property's classification.

That the term "valuation" has a meaning which encompasses classification is further illustrated by the provisions relating to appeals to the State Board of Tax Appeals. A.R.S. § 42–171(C) commits to Division One of the State Board of Tax Appeals the power to "handle all matters entrusted by law to the state board relating to the valuation, classification and taxation of property...." A.R.S. § 42–245(A) authorizes property owners to appeal to the Board of Tax Appeals from "valuation or classification" decisions of the county boards of equalization. However, other statutes refer to decisions by the county boards of equalization regarding the "value" or "valuation" of property. *See* A.R.S. §§ 42–241(C), (D), 42–241.01(C), (D), 42–242, and 42–243(A). The Legislature had no reason to empower the State Board of Tax Appeals to review classification decisions of county boards unless the county boards were empowered to make classification decisions.

The legislative history of the statute governing appeals by the Department, A.R.S. § 42–245, further supports an interpretation which would allow the appeal. Before A.R.S. § 42–245 was amended in 1971, it provided in pertinent part:

(A) Any person dissatisfied *with the valuation of his property* as fixed by the county board of equalization may appeal in the following manner:

(1) To the superior court....

(2) To the state board of property tax appeals....

(B) In all cases where the county board has ordered a *reduction in valuation of any property*, the assessor or the department may appeal such decision to the state board in the same manner as provided in subsection A of this section.

(Emphasis added.) This language gave property owners and the state identical administrative appeal rights from decisions of county boards of equalization.

In 1971 Ariz.Sess.Laws, Ch. 41, § 5, the words "or classification" were added after the word "valuation" in A.R.S. § 42–245(A), but no corresponding amendment was made to the language of A.R.S. § 42–245(B). The Legislature explained the purpose of the change in 1971 Ariz.Sess.Laws Ch. 41, § 1, of the Act:

The purpose of this act is to clarify and simplify the procedure for taking appeals by a taxpayer who is dissatisfied with the valuation or classification placed on his property or by the county assessor or the director of the department of property valuation when he is dissatisfied with a decision of a county board of equalization or the state board of property tax appeals.

In view of the Legislature's stated purpose to facilitate property tax appeals by both the taxpayers and the state, we think it unlikely that the amendment was intended to eliminate an entire category of appeals by the Department. Nor can we conceive of any purpose, consistent with the Legislature's stated purpose, which would be served by destroying the equality of access to administrative appeal procedures that the state and taxpayers had previously enjoyed.

On the contrary, we think the Legislature almost certainly intended to facilitate *both* valuation and classification challenges by all parties. *See also* 1971 Ariz.Sess. Laws Ch. 41, § 2 (amending former A.R.S. § 42–123(B)(6) (now A.R.S. § 42–141(B)(7)) to permit Department to "[c]ontest any proposed valuation OR CLASSIFICATION or any proposed change in valuations OR CLASSIFICATION before any county board of equalization or before the state board of property tax appeals") (capitalized text in original to indicate added language). Attaching great significance to the failure to repeat the words "or classification" in A.R.S. § 42–245(C) would elevate legal formalism to new heights.

We conclude that the Legislature did not intend to exclude classification questions from property tax appeals by using "valua-

tion" in its narrowest possible sense. We reverse and remand to the superior court for resolution of Calcot's contention that its property should be classified in class four pursuant to A.R.S. § 42–162(A)(4) on the theory that it is "used for agricultural purposes."

GERBER and KLEINSCHMIDT, JJ., concur.