20 P.3d 1174

**Bedford DOUGLASS, Jr., an individual, Petitioner–Appellee,**

v.

**John S. GENDRON, Administrative Hearing Officer, Respondent,**

and

**City of Mesa, Real Party in Interest–Appellant.**

**No. 1 CA–CV 00–0409.**

Court of Appeals of Arizona, Division 1, Department B.

March 29, 2001.

Bedford Douglass, Jr., Mesa, Petitioner–Appellee in propria persona.

Neal J. Beets, Mesa City Attorney, Mesa, by M. Regina Huerta, Assistant City Attorney and Joseph Padilla, Deputy City Attorney, Attorneys for Respondent and Real Party in Interest–Appellant.

## OPINION

EHRLICH, Judge

¶1 The City of Mesa appeals from the superior court's dismissal of the citation of Bedford Douglass, Jr., for violating the City's regulation regarding the height of grass and weeds on his property. It claims that the court erred in its interpretation of the phrase "developed parcel" as used in Mesa City Code section 8–6–3(O). We agree, and we therefore reverse the judgment.

### FACTS AND PROCEDURAL HISTORY

¶2 Douglass is the owner of a 2.613–acre parcel of property in Mesa. The property carries one address, and it is described as a single parcel of property in the records of the Maricopa County Assessor's Office. Specifically, the Maricopa County Assessor's Office lists Douglass as the owner of a single-family residence, Parcel Number 141–24–025, 3634 East Oasis Circle, Mesa, Arizona. While the property allegedly is large enough to be divided into three lots under existing zoning if proper steps are taken to effectuate that division, Douglass has not done so. For convenience, though, we will call the three portions of Douglass' property "lots."

¶3 When Douglass purchased the property, it was part of a citrus grove. Douglass built a house on what he deemed the middle lot, and he has maintained the lots on either side of his residence as a grove from which he has harvested the fruit for periodic sale.

¶4 Over the years, Douglass has received frequent warning letters from the City to the effect that the grass and weeds growing on the lots on either side of his residence violated Section 8–6–3(O) of the Code, which regulates the height of grass and weeds on both developed and undeveloped parcels. The pertinent section provides:

> No owner or occupant of a parcel of land within the City shall allow thereon weeds or grass which occupy more than fifty (50) contiguous square feet on a developed parcel to attain a predominant height in excess of nine inches (9″), or more than ten percent (10%) of the area of an undeveloped parcel to attain a predominant height in excess of twelve inches (12″).

¶5 On May 29, 1998, the City notified Douglass by letter that he would no longer receive warning letters but would instead be cited if he were found to be in violation of the Code. Approximately three months later, Douglass indeed was cited for violating that portion of Code Section 8–6–3(O) addressing "developed parcels." The citation stated that Douglass "[d]id allow weeds/grass to occupy more than fifty contiguous square feet with a predominant height in excess of nine (9″) inches."

¶6 An administrative hearing was held at which Douglass argued that the lots where the grass and weeds were growing were "undeveloped parcels," that he had been cited pursuant to the wrong portion of the Code and that, in any event, the phrases "developed parcel" and "undeveloped parcel" were ambiguous. The hearing officer ruled against Douglass and imposed a civil sanction of $200, concluding that "[t]he subject property constitutes a single, developed parcel listed as Book 141, Map 24, Parcel 25 in the Maricopa County Assessor's Office."

¶7 Douglass filed a special action in the Maricopa County Superior Court, arguing that the hearing officer's determination was "arbitrary and capricious and an abuse of discretion." The court granted relief to Douglass because it concluded that the phrases at issue were too vague to give Douglass sufficient notice.[1] Accordingly, it found that Douglass could not be held responsible for the violation with which he was charged and dismissed the citation. The City appeals from that decision.

### DISCUSSION

¶8 When a special action challenges an administrative decision, review by the superior and appellate courts is "limited to finding error" in the administrative decision. *Gannett Outdoor Co. of Ariz. v. City of Mesa*, 159 Ariz. 459, 461, 768 P.2d 191, 193 (App.1989). Thus, neither court may substitute its opinion of the facts for that of the

---

1. In finding the phrases "vague," the court was not declaring the statute to be "unconstitutionally vague" but was using the word as being synonymous with "ambiguity."

administrative tribunal. *Id.* However, when the issue is one of statutory interpretation, this court draws its own legal conclusions. *Arizona State Bd. of Accountancy v. Keebler,* 115 Ariz. 239, 241, 564 P.2d 928, 930 (App. 1977).

¶ 9 The City's hearing officer determined that, because Douglass' property was listed as a single parcel in the records of the Maricopa County Assessor's Office, Douglass' residential use of the property, even if only on a one-third portion of that property, rendered the entire parcel a "developed" parcel. The superior court, however, seemingly concluded that each hypothetical lot should be considered separately to determine whether it was a "developed" or "undeveloped" parcel. Because the Code did not define those terms, the court concluded, its classifications were vague and ambiguous, and, thus, to be interpreted against the City.

¶ 10 Municipal ordinances are construed in the same manner as state statutes, *Abbott v. City of Tempe,* 129 Ariz. 273, 275, 630 P.2d 569, 571 (App.1981), and "we apply a practical and commonsensical construction." *State v. Alawy,* 198 Ariz. 363, 365 ¶ 8, 9 P.3d 1102, 1104 (App.2000). The objective is to accomplish the legislative intent by considering the ordinance as a whole and giving harmonious effect to all of its sections. *Abbott,* 129 Ariz. at 275, 630 P.2d at 571; *Sandblom v. Corbin,* 125 Ariz. 178, 182–83, 608 P.2d 317, 321–22 (App.1980). Since the Code offers no direct guidance as to what is meant by "developed parcel," which also would serve to distinguish an "undeveloped parcel," we now must divine the meaning of "developed."

¶ 11 Code Title 8 refers to "Health, Sanitation, and Environment." The purpose of its Chapter 6, "Public Nuisances, Property Maintenance, and Neighborhood Preservation," as declared in Section 8–6–1(A), is "to define and prohibit public nuisances." This language suggests that the goal of Code Section 8–6–3, "Public Nuisances Prohibited," is to maintain a clean and safe neighborhood environment, including the reduction of the probability of hazards such as brush fires and rodent nests.

¶ 12 Code Section 8–6–3(O) refers to the "owner or occupant of a parcel of land within the City." "Owner," in turn, is defined in Section 8–6–2 of the same title and chapter as the "person indicated on the records of the Maricopa County Assessor or other official body as the owner of record of the property in question." Again, this portion of the Code does not concern the extent of development, but, instead, focuses upon an owner's responsibility to eliminate nuisances and potential hazards on his property  Douglass is the owner of a single, 2.613–acre parcel of property, and it is he whom the City holds responsible for compliance with its ordinances.

¶ 13 But is the Douglass property "developed" or "undeveloped?" The Code defines "improved property" in Section 8–6–2 as "[l]and on which buildings or other structures are located." This language suggests that the existence of Douglass' home on the parcel gives the parcel the status of "improved property," but also that the word "developed" has a more-encompassing meaning. We conclude that, within the context of Code Section 8–6–3(O), "developed" means a purposeful modification of the property from its original state, which modification effectuates a condition of gainful or productive use. *See* THE COMPACT EDITION OF THE OXFORD ENGLISH DICTIONARY 197 (Supp.1987).

¶ 14 In classifying a "developed" or "undeveloped" parcel, we are satisfied, therefore, that, unless acreage is divided according to official records as given effect by the City, it is intended by Code Section 8–6–3(O) that property be classified as a whole as listed in the Maricopa County Assessor's Office. Thus, if a portion of a single parcel is "developed," then the parcel as a whole will be denominated as such. Interpreting the ordinance in this way gives harmonious effect to all of the provisions of Title 8 and, specifically, to Section 8–6–3.

## CONCLUSION

¶ 15 We reverse the judgment of the superior court, and we remand the case to that court with directions that it enter judgment for the City of Mesa in accord with the determination of the City's hearing officer.

CONCURRING: JAMES B. SULT, Judge, and CECIL B. PATTERSON, Jr., Judge.