751 P.2d 589

TUCSON NATIONAL GOLF CLUB, an Arizona corporation; Nanini Northwest, Inc., an Arizona corporation, Plaintiffs/Appellees,

v.

Allan J. NORVILLE and Alfena A. Norville, husband and wife, Defendants/Appellants.

No. 2 CA–CV 87–0144.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 8, 1987.

Review Denied March 30, 1988.

Feldman, Mendelsohn, Mance & Oseran, P.C. by Richard S. Oseran, Tucson, for plaintiffs/appellees.

Winston & Strawn by S.L. Schorr, Peter D. Eisner, Megan E. Miller and Frank S. Bangs, Jr., Tucson, for defendants/appellants.

## OPINION

HOWARD, Presiding Judge.

This is a dispute over the right to build a two-story parking garage at Tucson National Golf Club. The property consists of a golf club and resort open to the public. The facilities include a clubhouse, restaurant, guest rooms and a conference center. Additionally, a real estate brokerage company has its offices in the convention center.

Pima County originally issued a permit to build the garage on this property, which is zoned SR (suburban ranch). The defendants, who own a home next to the property, instituted a proceeding before the Pima County Board of Adjustment District No. 1, challenging the issuance of the permit. The board found that the parking garage was not permitted in the SR zone and that the building permit had been erroneously issued.

Appellants (collectively known as TNGC) appealed the board's decision to the superior court. TNGC obtained an order staying the effect of the board's determination and completed construction of the parking garage while the case was pending in court. After a trial de novo, the trial court overturned the board's decision ruling that the parking garage did not violate the zoning code and that the building permit was properly issued. At issue is the proper interpretation of the Pima County Zoning Code.

Whether a proposed use falls within a given category of the zoning regulations is a question of law, and the determination of the zoning board as well as the trial court is subject to review. *Moyer v. Board of Zoning Appeals*, 233 A.2d 311 (Me.1967). The meaning of terms or expressions in zoning ordinances is a question of construction and one of law for the court. Id. See also *Abbott v. City of Tempe*, 129 Ariz. 273, 630 P.2d 569 (App.1981). In determining the intent of an ordinance, a court must consider the ordinance as a whole and give harmonious effect to all of its sections. *Golder v. Department of Revenue, State Board of Tax Appeals*, 123 Ariz. 260, 599 P.2d 216 (1979).

The trial court, without objection, considered the operations of TNGC as a "guest ranch" under the SR zoning category. A guest ranch is defined as:

"A resort hotel or group of buildings containing sleeping units, having a building site of not less than four commercial acres." C.Z.C. 18.03.020(G)(8).

Can TNGC provide free parking facilities in the form of a detached building? Detached accessory buildings are permitted in SR zoning. See C.Z.C. 18.71.040. An "accessory building" is defined as:

"A subordinate building or portion of the main building on the same lot or building site, the use of which is incidental to that of the main building *and which is used exclusively by the occupants of the main building or their non-paying guests or employees*." C.Z.C. 18.03.-020(A)(1) (emphasis added).

Appellants contend that the parking garage built by TNGC is an impermissible use because persons other than those who are renting rooms are allowed to park in the garage. They arrive at this conclusion by first pointing to the definition of a private garage as:

"An accessory building or portion of the main building, designed or used for the shelter or storage of self-propelled vehicles *owned or operated by the occupants of the main building*." C.Z.C. 18.03.020(G)(1) (emphasis added).

They also point to different sections of the zoning ordinance where the term "occupant" is used as opposed to the term "guest" and vice versa. We do not agree with appellants' view of the ordinance.

C.Z.C. 18.017.040, the section which permits accessory buildings in SR zoning, is the section which governs and not the section dealing with the definition of a private garage. Both the owners of the facilities and persons who are renting rooms are "occupants." Persons who are not renting rooms but are using the facilities are non-paying guests of either the owners or the renters. This construction accords with the intent of C.Z.C. 18.17.040 and 18.03.-020(A)(1), which is to limit the use of the accessory building to those persons who are also using the main building.

Affirmed.

LACAGNINA, C.J., and HATHAWAY, J., concur.