778 P.2d 1302

**COCHISE COUNTY, a body politic, Plaintiff/Appellee,**

v.

**BROKEN ARROW BAPTIST CHURCH; Broken Arrow Enterprises, Inc.; and Clyde E. Thacker and Victoria A. Thacker, husband and wife, Defendants/Appellants.**

No. 2 CA–CV 88–0287.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 23, 1989.

Review Denied Sept. 19, 1989.

pectancy had been reached." 542 P.2d at 1282.

Alan K. Polley, Cochise Co. Atty. by John A. MacKinnon, Bisbee, for plaintiff/appellee.

Riley & Hoggatt, P.C. by Richard J. Riley, Sierra Vista, and Gibbs & Craze Co., L.P.A. by Charlotte A. Cover, and Charles Craze, Cleveland, Ohio, for defendants/appellants.

## OPINION

LACAGNINA, Chief Judge.

The Broken Arrow Baptist Church (the Church) appeals from summary judgment granted in favor of Cochise County (the County) and from an order enjoining the Church from any further use of a building it owned because it had been erected without a building permit and as such constitut-

ed a public nuisance. In addition, the court ordered that before the building could be used for printing, collating, binding and dissemination of printed materials, a special use permit must be obtained from the Cochise County Board of Supervisors. The Church argues that the court erred as follows:

1. In determining that no genuine issue of material fact existed; and

2. In determining that the Church's Bible ministry was "manufacturing" as a matter of law.

The Church also argues the injunction should be dismissed as moot. We affirm.

### FACTS

The Church purchased 40 acres of land on Ripley Road in Cochise County. Initially, the Church obtained a valid building permit from the County and made improvements on the land by construction of two mobile home sites. Later, without obtaining a building permit, the Church constructed a large, steel-sided building on the land. The building is an open, unpartitioned space with unfinished walls and a bare concrete floor encompassing approximately 5,000 square feet. It contains printing presses and other equipment for a printing operation and has the general appearance of a warehouse. There are no provisions for a church sanctuary in the building. The building was constructed for use as a printing plant and distribution center for printed materials. Specifically, the Church intended to print, collate, bind and distribute King James versions of the Bible to persons worldwide.

The property is zoned RU–4 (Rural Use, 4 acre minimum site). One of the permitted uses of the land under RU–4 zoning is as a "public assembly for religious worship." Cochise County Zoning Regulations § 603.07. The Church did not apply for or obtain a special use permit authorizing the intended use of the building, i.e., the printing of Bibles. Such permits are required by §§ 607, 1704 and 1719 of the ordinance. Section 607.28 permits as a special use the "[m]anufacturing of durable and non-durable goods, fabrication and assembly of

products, processing and compounding of materials, distribution of goods and merchandise."

### INJUNCTION

■ On review we will not overturn an order granting an injunction absent a finding of clear abuse of discretion. *Financial Associates, Inc. v. Hub Properties, Inc.,* 143 Ariz. 543, 694 P.2d 831 (App.1984). It is undisputed that the Church did not obtain a building permit prior to construction or use of the building in this case. Without such a permit, the building and its use are a nuisance as a matter of law. Cochise County Zoning Regulations, §§ 1704 and 2301; A.R.S. § 11–808(C). Although the record shows the Church submitted an application for a building permit, the application was rejected by the planning director because it failed to include the required site plan and application fee, along with other defects. Until such time as the Church submits a proper building permit, the use of the building constitutes a nuisance as a matter of law, and the court properly enjoined such use.

### THE ZONING CLASSIFICATION

1. *"Public Worship" versus "Manufacturing."*

■ The use of a building on property which has been zoned RU–4 as a place of "assembly for public worship" is a permitted use. The Church argues that the printing, collating, binding and dissemination of the Bible by the Church and its members is part of the religious worship of the Church and its members. On the other hand, the County argued successfully to the trial court that even if the Church's Bible ministry was part of its religious worship, it was still subject to a special use permit for "manufacturing" within the meaning of the zoning ordinance. The term "manufacture" as defined in the Cochise County Zoning Regulations refers to a "broad category of uses involving the use of mechanical power and machinery to produce products from raw materials, to prepare or alter materials for use in a finished product,

or to assemble parts into products." § 203. "Public assembly" is defined as a "gathering of a group of people at a specific time and place for a common purpose." *Id.* "Religious activities" are defined as "those facilities which are directly related to religious worship. These include, but are not limited to churches, synagogues and temples." *Id.*

"Whether a proposed use falls within a given category of the zoning regulations is a question of law ... [and] [t]he meaning of terms or expressions in zoning ordinances is a question of construction and one of law for the court." *Tucson National Golf Club v. Norville*, 156 Ariz. 273, 274, 751 P.2d 589, 590 (App.1987). There is no dispute between the parties as to the sincerity of the Church's religious beliefs. Nor is there any dispute as to the motivation for its Bible ministry. However, we agree with the County that the Church cannot decide the meaning of "public assembly for religious worship" as it applies to zoning regulations, based upon such motives or beliefs. Interpreting the above definitions according to their common, plain, natural and accepted usage, *see VisionQuest National v. Pima County Board of Adjustment*, 146 Ariz. 103, 105, 703 P.2d 1252, 1254 (App.1985), the Church's use of the building was not for religious worship but for manufacturing. Whatever its motives in manufacturing and distributing the Bibles, they do not change the definition of "assembly for public worship" contained in the Cochise County Zoning Regulations to include "manufacturing."

2. *Accessory Use.*

█ The Church also argues for the first time on appeal that the printing operation is a permitted use under the zoning regulations as "accessory" or "customarily incidental or subordinate to the principal use." We will not reverse a summary judgment based upon an issue not raised before the trial court. *Sahf v. Lake Havasu City Ass'n for Retarded*, 150 Ariz. 50, 721 P.2d 1177 (App.1986); *Fendler v. Phoenix Newspapers, Inc.*, 130 Ariz. 475, 636 P.2d 1257 (App.1981).

CONSTITUTIONAL ISSUES

█ The Church argues that its Bible ministry as a matter of firmly held religious conviction may not be subjected to zoning requirements additional to those imposed on other church ministries. It argues that the zoning regulations, specifically those involving the requirement of a special use permit, interfere with the Church's free exercise of those religious convictions. The Church argues that it is unconstitutional to require a special use permit in order for it to do what its beliefs mandate: "To spread the word of God in written form throughout the world." The County argues that it is not required to change its own land use decisionmaking processes in order to accommodate the Church's religious beliefs. We agree.

The Church does not argue that it is exempt from any regulation in the area of land use. On the contrary, the record shows that in the past the Church, through its representatives, has appeared before the Planning and Zoning Commission on several occasions to express opposition to rezoning of certain property which it claimed would adversely affect the Church's activities. In addition, the Church has never refused to apply for a general building permit. Its constitutional objection is directed solely to the requirement of a special use permit. The first amendment does not preclude government activity such as building and zoning regulations as applied to religious organizations. *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 305, 105 S.Ct. 1953, 1963, 85 L.Ed.2d 278 (1985); *Lemon v. Kurtzman*, 403 U.S. 602, 614, 91 S.Ct. 2105, 2112, 29 L.Ed.2d 745 (1971). Further, in the exercise of its religious beliefs, the Church is subject to reasonable time, place and manner restrictions. *Heffron v. International Society for Krishna Consciousness*, 452 U.S. 640, 647, 101 S.Ct. 2559, 2564, 69 L.Ed.2d 298 (1981).

We do not believe that the requirement of applying for a special use permit in any way contravenes "the basic religious tenets and practice of the [Church's] faith." *Wis-*

**410**

*consin v. Yoder,* 406 U.S. 205, 218, 92 S.Ct. 1526, 1534, 32 L.Ed.2d 15 (1972). The Church argues that its religious beliefs "prohibit [it] from seeking state permission to operate the God-commanded ministry." However, we are at a loss to understand why such religious beliefs should not by the same token prohibit it from seeking state permission to build its place of worship, which is equally a "God-commanded ministry." We agree with the County that simply because the Church may choose not to participate in the public hearing required upon an application for a special use permit, neither can it require that the entire process be abolished solely to accommodate its own particular religious beliefs.

AFFIRMED.

ROLL, P.J., and FERNANDEZ, J., concur.