35 P.3d 422

**Ernest and Dorothy JONES/Leland Jones, Complainants–Appellees,**

v.

**COUNTY OF COCONINO, Defendant–Appellant.**

**No. 1 CA–CV 01–0148.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 6, 2001.

As Amended Dec. 20, 2001.

Charles Gustafson, P.C., by Charles B. Gustafson, Flagstaff, Attorney for Appellees.

Terence C. Hance, Coconino County Attorney, by William P. Ring and Jean E. Wilcox, Deputy County Attorneys, Flagstaff, Attorneys for Appellant.

OPINION

EHRLICH, Judge.

¶ 1 In question is a Coconino County zoning ordinance that prohibits the enlargement or extension of a nonconforming use. Specifically, the issue is whether the ordinance precludes moving a structure from which hay is sold from the place the structure occupied when it became a nonconforming use to another location on the same property. Such a change in location is prohibited by the ordinance, and we therefore reverse the judgment entered in favor of the property owners.

*BACKGROUND*

¶ 2 Ernest and Dorothy Jones own 2.3 acres in an unincorporated area of Coconino County east of Flagstaff. On their property is a store from which they sell a variety of items and animal feed, including hay. The property is zoned Commercial General, for which a conditional-use permit is required for feed stores.

¶ 3 In 1999, a Coconino County zoning enforcement officer saw on the Joneses' property a small trailer and signs advertising hay for sale as well as a semi-tractor and trailer loaded with hay. She cited the Joneses for operating a feed store without a conditional-use permit.

¶ 4 At the hearing on the citation, it was undisputed that hay had been sold from the property before the County's 1981 zoning ordinance was adopted and continuously since then. The procedure always had been that the customer paid for the hay in the store and then picked it up at a trailer parked on the property. Hay had been loaded from trailers at the east side of the back of the property from approximately 1965 to 1990, when it was moved to trailers at the center of the back of the property. In 1993 or 1994, the hay was moved to pallets behind a storage building toward the east front of the property, and, approximately four years later, the hay again was moved, this time to a trailer on the northwest corner of the property at a roadway intersection. The Joneses asserted that the sale of hay thus was a legal nonconformity.

¶ 5 The County Zoning Enforcement Hearing Officer found that a feed-store business had been operated on the property since the 1920s and that the use had become a legal nonconformity with the adoption of the County zoning ordinance in 1981. However, the officer further found that the delivery of the hay from the northwest corner of the parcel since 1997 constituted an enlargement of the nonconforming use because the sales occupied an area not previously utilized in that manner. The officer ordered the Joneses to end their operation of the outdoor hay sales on May 1, 2000, unless an application for a conditional-use permit to operate a feed store was submitted before then.

¶ 6 The Joneses appealed to the Coconino County Board of Supervisors. Following a hearing, the Board affirmed the decision.

¶ 7 The Joneses filed a complaint for judicial review of the administrative decision. ARIZ.REV.STAT. ("A.R.S.") §§ 12–901 *et seq.* (1990) (Arizona Administrative Review Act); *see* A.R.S. § 11–808(G) (1990). The trial court ruled that the fact that the Joneses had moved the hay trailers did not cause the loss of the legal nonconforming-use status be-

cause the sales still were made from the store. It added that there had been no expansion of use because the volume of hay sales had decreased over the years. In the court's opinion, "[t]o the extent that the zoning regulation tries to restrict a reasonable change in the simple location of the storage of items sold out of a central, unchanging location on the property, it is overly broad and an unlawful taking." The court reversed the administrative decision, and Coconino County appealed.

## DISCUSSION

¶ 8 Coconino County Ordinance No. 81–1 ("Ordinance"), § 18.2 (1991), permits a nonconforming use that was lawful when created or established to continue after the adoption of a zoning ordinance precluding the use. However, there can be no extension or enlargement of the nonconformity, no "creeping nonconformity."

A. Except as otherwise specifically allowed in this Section, no increase in the extent of nonconformity of a nonconforming situation is permitted. In particular, *no nonconforming use shall be enlarged or extended in such a way as to occupy any part of the structure or site or another structure or site which it did not occupy at the time it became a nonconforming use,* or in such a way as to displace any conforming use occupying a structure or site, except as permitted in this Section.

\* \* \*

D. Pursuant to Arizona Revised Statutes § 11–830, within any zoning district, subject to the granting of a conditional use permit, a nonconforming business use may expand if such expansion does not exceed one hundred percent of the area of the original business. Such expansions shall be limited to uses of the same basic nature and character. Expansion shall be limited to the original parcel on which the use was located at the time it became nonconforming. For uses within a structure, the expansion shall be measured by floor area. For business uses not involving a structure, for example junk yards, truck yards, or contractors' yards, area shall be strictly

construed to mean the square footage or acreage of the use at the time it became nonconforming.

Ordinance § 18.7 (emphasis added).

¶ 9 The County argues that an outside, nonconforming use not involving a permanent structure must remain on the same square footage or acreage that it occupied when it became nonconforming. It contends that the placement of the hay trailers could not be changed so as to be situated on any part of the Joneses' site that the trailers did not occupy when they were deemed a nonconforming use by passage of the ordinance—unless the Joneses are granted a conditional—use permit. As the County states it, the issue is whether a nonconforming use can "creep" across the property to occupy an area it did not occupy when it became nonconforming.

¶ 10 This matter began as an administrative action. The superior court could and did reverse the administrative decision because, as the court held, the administrative decision was illegal, arbitrary or capricious, or involved an abuse of discretion. *Berenter v. Gallinger,* 173 Ariz. 75, 77, 839 P.2d 1120, 1122 (App.1992). When further consideration of the administrative decision involves the legal interpretation of a statute or an ordinance, this court reviews *de novo* the decisions reached by the administrative officer and the superior court. *Whiteco Outdoor Adver. v. City of Tucson,* 193 Ariz. 314, 316–17 ¶ 7, 972 P.2d 647, 649–50 (App.1998); *Siegel v. Arizona State Liquor Bd.,* 167 Ariz. 400, 401, 807 P.2d 1136, 1137 (App.1991).

¶ 11 A nonconforming land use is "a lawful use maintained after the effective date of a zoning ordinance prohibiting such use in the applicable district." *Rotter v. Coconino County,* 169 Ariz. 269, 271, 818 P.2d 704, 706 (1991) (citing 1 R. Anderson, AMERICAN LAW OF ZONING § 6.01 at 446, 447 n. 2 (3d ed.1986)). To some extent, the Arizona statutory scheme protects existing, nonconforming uses. A.R.S. § 9–462.02(A)(Supp.2000). Nevertheless,

[a]lthough nonconforming uses are constitutionally protected from the retroactive effect of zoning regulations, such uses are

not favored by the law, primarily because they detract from the effectiveness of comprehensive land use regulation, often resulting in lower property values and blight. *Rotter*, 169 Ariz. at 272, 818 P.2d at 707. For these reasons, public policy favors the elimination of nonconforming uses "within the limits of fairness and justice." *Id.; see Gannett Outdoor Co. of Ariz. v. City of Mesa*, 159 Ariz. 459, 461, 768 P.2d 191, 193 (App. 1989). Thus, while in general a court will strictly construe a zoning ordinance in favor of the property owners, based on the policy of eliminating nonconforming uses, regulations governing nonconforming uses are exempt from this general rule. *Outdoor Sys., Inc. v. City of Mesa*, 169 Ariz. 301, 304, 307, 819 P.2d 44, 47, 50 (1991).

¶ 12 Section 18.7(A) of the Coconino County Ordinance states that a nonconforming use shall not be "enlarged or extended in such a way as to occupy any part of the structure or site or another structure or site which it did not occupy at the time it became a nonconforming use...." Strictly construed, "enlarge" means "to make larger: increase in quantity or dimensions: extend in limits" and "extend" means "to cause to be of greater area or volume * * *: increase the size of: ... make greater in extent." *Ariz. Found. Neurology & Psychiatry v. Sienerth*, 13 Ariz. App. 472, 477, 477 P.2d 758, 763 (1970)(quoting MERRIAM-WEBSTER'S NEW INTERNATIONAL DICTIONARY (3d ed.1965)). Using this definition, the Joneses argue that moving the hay to various places on the property neither enlarged nor extended the nonconforming use.

¶ 13 The County responds, however, that the intent of the Ordinance is·to limit nonconforming situations to the "footprint" on the site that it occupied at the time it became nonconforming. We agree.

¶ 14 In *Rotter*, the issue was whether the statute allowing a nonconforming business use to expand by 100 percent of the original area also granted the right to expand the nonconforming use onto an adjoining parcel acquired after the passage of the ordinance. The Arizona Supreme Court held that the landowner did not have a right to expand his nonconforming use onto such an adjacent parcel. 169 Ariz. at 279, 818 P.2d at 714. Although the court dealt with the expansion of a use onto another parcel rather than with moving the use to a different place on the same parcel, there are analogies between *Rotter* and this case.

¶ 15 First, in *Rotter*, the court concluded that an ordinance pertaining to an expansion or change of a nonconforming use must be construed to further the public policy goal of eliminating nonconforming uses. *Id.* at 276–77, 818 P.2d at 711–12. Then the court noted that "[i]n accordance with ... the restrictive policy that governs interpretation of nonconforming use statutes, most American jurisdictions hold that a nonconforming use is limited to the site or area that was nonconforming when the ordinance was enacted." *Id.* at 277, 818 P.2d at 712 (citing *Norton Shores v. Carr*, 81 Mich.App. 715, 265 N.W.2d 802, 805 (1978)(nonconforming use restricted to area not conforming when ordinance enacted)).

¶ 16 Given the policy favoring the elimination of nonconforming uses, we agree with the County that Ordinance § 18.7 prohibits a nonconforming use from moving to a place on the site other than the location of the use when the use became nonconforming.[1] By precluding the extension of a nonconforming use to any part of the site that it did not occupy at the time it became a nonconforming use, the ordinance declares that the use must stay where it was when it gained the exceptional status of a nonconforming use.[2] Thus, moving the hay trailer to portions of the site it did not occupy when it became a nonconforming use was prohibited.

---

1. Although the administrative interpretation of an ordinance is not binding on the court, such an interpretation should be accorded some weight in determining the proper meaning and application of the ordinance. *Sienerth*, 13 Ariz.App. at 475, 477 P.2d at 761.

2. "Site" is defined in Ordinance § 8 as "a parcel of land, subdivided or unsubdivided, occupied or to be occupied by a use or structure."

¶ 17 Second, limiting a moveable structure to the location it occupied when it became a nonconforming use has practical implications that support the policy against nonconforming uses. For example, the location of the hay trailer when it became a nonconforming use apparently was an inconspicuous place at the back of the property. Later the trailer was moved to the front of the property at an intersection. Such a change arguably contributes to the type of unsightliness and negative effect to which the court in *Rotter* referred as a rationale for eliminating nonconforming uses as quickly as possible. 169 Ariz. at 272, 818 P.2d at 707.

¶ 18 This conclusion is in accord with the holdings of the courts in other jurisdictions that have decided similar issues. For example, in *Chizum v. Elkhart County Plan Commission*, 147 Ind.App. 691, 263 N.E.2d 654 (1970), the court held that cattle feeding, which was a legal nonconforming use where it had been done before the effective date of the zoning ordinance, could not be moved to a different portion of the owner's property. The applicable zoning ordinance did not specifically prohibit the relocation of a nonconforming use, but it allowed any legal nonconforming building or structure to continue in use provided that there was no physical change other than necessary maintenance and repair; normal maintenance was not to extend or intensify the nonconforming use. *Id.* at 655.

¶ 19 The landowner in *Bachman v. Zoning Hearing Board of Bern Township*, 508 Pa. 180, 494 A.2d 1102 (1985), had a number of buildings on two of his forty acres that were permitted as a nonconforming use. When he conveyed almost thirty-two acres of his land to the United States government, he moved some of the buildings to the remaining eight acres. The court held that he violated the township's zoning ordinance when he moved the buildings to a portion of the property that previously had no structures. *Id.* at 1106; *see also* Kenneth B. Young, 1 ANDERSON'S AMERICAN LAW OF ZONING § 6.39 at 610 (4th ed.1996) (absent unusual circumstances, nonconforming building may not be moved from one part of lot to another); 83

AM.JUR.2D *Zoning and Planning* § 656 (1981)(same).

¶ 20 The administrative hearing officer correctly found that moving the hay delivery trailer to the northwest corner of the Joneses' property violated Ordinance § 18.7. The superior court erred in overturning the administrative decision. Accordingly, we reverse the judgment in favor of the Joneses and remand this matter for the entry of a judgment affirming the administrative decision.

CONCURRING: REBECCA WHITE BERCH, Judge, and MICHAEL D. RYAN, Judge.