NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRIAN ERIC FLESCHER, *Appellant.*

No. 1 CA-CR 18-0131
FILED 8-14-2018

Appeal from the Superior Court in Coconino County
No. S0300CV201700367
Williams Justice Court
No. CR 2016-0234
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Mark Dillon Huston
*Counsel for Appellee*

Brian Eric Flescher, Parks
*Appellant*

---

**MEMORANDUM DECISION**

---

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

---

**W I N T H R O P**, Judge:

**¶1**      Brian Eric Flescher ("Flescher") appeals his conviction and fine for violation of a dog-at-large ordinance, a class 2 misdemeanor. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2**      On August 12, 2016, Flescher received a citation from Coconino County Animal Control for a violation of Coconino County Ordinance 2007-03 ("CCO 2007-03"), an ordinance prohibiting the running of dogs at large within the unincorporated areas of Coconino County. Flescher's dog was loose in front of his residence in Parks, Arizona, and ran at but did not harm one of his neighbors. Prior to the citation at issue, Flescher received a warning for violating the same ordinance on June 26, 2016, and a citation for a similar violation on July 9, 2016.

**¶3**      After a bench trial, the justice court found Flescher guilty as charged and imposed a $250 fine pursuant to CCO 2007-03, § 6. Flescher appealed to the superior court. Because the justice court's record contained inaudible testimony, the superior court held a new trial. After the trial *de novo*, the superior court found Flescher guilty as charged and imposed a $250 fine. The superior court suspended the fine provided that Flescher was not cited for any additional dog-at-large violations for a one-year period.

**¶4**      Flescher timely appealed the judgment of the superior court, and we have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A) (2018).

---

[1]    We view the facts and reasonable inferences therefrom in the light most favorable to upholding Flescher's conviction and fine. *See County of Cochise v. Faria*, 221 Ariz. 619, 621, ¶ 2 (App. 2009).

**ANALYSIS**

**¶5**         Flescher contends that CCO 2007-03 is invalid and therefore unenforceable.  Specifically, Flescher argues that because there was no rabies quarantine in effect or a declared state of emergency when the Coconino County Board of Supervisors (the "Board") enacted CCO 2007-03, the ordinance "is an unending, arbitrary infringement of personal freedom and liberties and unconstitutional."  We disagree.  Neither a rabies quarantine nor a state of emergency declaration by the Board is a prerequisite to enacting an ordinance regulating dogs at large.

**¶6**         In Arizona, a county may exercise its powers through a board of supervisors.  *See* A.R.S. § 11-201(A).  A county's board of supervisors has statutorily enumerated powers and duties.  *See* A.R.S. §§ 11-251(1)-(65), -1005.  We review the interpretation of an ordinance or statute *de novo*. *Ponderosa Fire Dist. v. Coconino County*, 235 Ariz. 597, 601, ¶ 13 (App. 2014). Our duty "is to determine and give effect to the enacting body's intent," and the plain language is "the best indicator of that intent."  *Gorman v. Pima County*, 230 Ariz. 506, 509, ¶ 12 (App. 2012).  If the language is clear and unambiguous, we apply the plain language.  *Id.*

**¶7**         Section 11-1005(A)(4) provides the Board with express authority to "regulate, restrain and prohibit the running at large of dogs." A different subsection of the same statute provides that the Board, "shall be responsible for declaring a rabies quarantine area within its jurisdiction on a recommendation of the county board of health or the local health department."  A.R.S. § 11-1005(D).  Additionally, the statute tasks the Board with "institut[ing] an emergency program for the control of rabies" if a rabies quarantine area is declared.  *Id.*

**¶8**         The Board's responsibility to declare a rabies quarantine does not limit or otherwise affect its ability to create and implement an ordinance regulating dogs.  Likewise, the Board need not declare a state of emergency or institute an emergency program before enacting an ordinance regulating dogs at large.  Flescher improperly conflates the statutory sections, reading "requirements" of the Board into the statute that do not exist.

**¶9**         Flescher also argues that the ordinance is arbitrary and unconstitutional because CCO 2007-03 imposes criminal rather than civil penalties.  Specifically, Flescher argues that "[w]hen a criminal and civil penalty are both statutorily available as a penalty, making the alleged offense only a criminal offense is fundamentally arbitrary and unconstitutional, therefore invalid."  Again, we disagree.

¶10 The plain language of § 11-1005(A)(6)(a) and (b) states that the Board may establish either: (1) criminal penalties not to exceed a class 2 misdemeanor or (2) civil penalties not to exceed $500 for each incident of a dog-at-large violation. The Board opted to impose a criminal penalty, not a civil penalty, for violating CCO 2007-03, § 6. Contrary to Flescher's contention, it is not "highly unreasonable" or violative of the Eighth Amendment's prohibition against cruel and unusual punishment that the Board chose to impose a criminal penalty for a dog-at-large violation. Section 11-1005(A)(6)(a) and (b) provides the Board with an express grant of authority to do so.

**CONCLUSION**

¶11 Flescher's conviction and fine are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA