NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LAVELLE BRIDGES, *Plaintiff/Appellee*,

*v.*

NATIONSTAR MORTGAGE, L.L.C., a Delaware corporation,
*Defendant/Appellant*.

No. 1 CA-CV 19-0556
FILED 9-29-2020

Appeal from the Superior Court in Maricopa County
No.  CV2016-000605
The Honorable Hugh Hegyi, Judge (Retired)
The Honorable Danielle J. Viola, Judge

**REVERSED AND REMANDED**

COUNSEL

Law Office of Nathaniel P. Nickele PLLC, Peoria
By Nathaniel Nickele
*Counsel for Plaintiff/Appellee*

Akerman LLP, Denver, CO
By Justin D. Balser, Erin E. Edwards
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

---

**H O W E**, Judge:

¶1          Nationstar Mortgage, L.L.C. appeals the trial court's order granting Lavelle Bridges summary judgment and denying its own summary judgment motion. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2          Bridges worked as a branch manager for a mortgage company. In 2007, he obtained a $500,000 mortgage loan from his company secured by a deed of trust against his property. The deed of trust contained an optional acceleration clause if Bridges defaulted on the loan. To invoke the acceleration clause, the lender had to send a notice to Bridges stating, "(a) the default; (b) the action required to cure the default; (c) a date . . . by which the default must be cured; and (d) that failure to cure the default . . . may result in acceleration . . . and sale of the [p]roperty."

¶3          Bridges defaulted on the loan in 2008, and has not made any loan payments since. A notice of default was sent to Bridges but the notice did not state that failing to cure the default may result in acceleration of the loan, as required by the deed of trust. Along with the notice of default, two notices of trustee's sales were recorded in January 2009 and May 2009. Neither notice invoked or referred to the optional acceleration clause and no sale was held. The deed of trust and loan were later assigned to a bank and Nationstar started servicing the loan on behalf of the bank around 2011.

¶4          Meanwhile, Bridges petitioned for bankruptcy twice, once in January 2011, and once in March 2014, staying Nationstar's ability to foreclose on the property each time. Between January 2012, and January 2016, Bridges intermittently applied for five loan modifications and applied to participate in Nationstar's short sale program twice. The short sale program allowed a debtor who already had a short sale offer to sell the property while Nationstar waived any deficiency judgment. While reviewing Bridges' loan modification and short sale applications,

Nationstar stopped the foreclosure process as proscribed by its internal policy until it had rejected each of his applications.

¶5        In January 2016, Bridges sued Nationstar for declaratory relief, asserting that Nationstar was barred from foreclosing on his property because the six-year statute of limitations proscribed under A.R.S. § 12–548(A)(1) had run. Bridges moved for, and the court granted, a temporary restraining order to prevent Nationstar from foreclosing on the property. Bridges also moved for a preliminary injunction to stop the foreclosure of his property, but the court denied his motion in July 2016.

¶6        Bridges then moved for summary judgment arguing that the notices of trustee's sales accelerated the debt, thereby triggering the statute of limitations, and that the statute of limitations had run by January 2015, or May 2015. Nationstar responded and moved for summary judgment arguing that the notices of trustee's sales did not accelerate the debt and that Bridges presented no evidence that Nationstar intended to accelerate the debt. It further argued that even if the debt was accelerated, Bridges' bankruptcies and equitable estoppel tolled the statute of limitations.

¶7        The court granted Bridges summary judgment, finding that the notices of trustee's sales accelerated the debt. The court further found that, based on Bridges' pleadings, the statute of limitations was not tolled. Nationstar timely appealed.

**DISCUSSION**

¶8        Nationstar argues that Bridges' debt was not accelerated by the notices of trustee's sales. We review an order granting summary judgment de novo and view the facts in the light most favorable to the party against whom summary judgment was granted. *Andra R Miller Designs LLC v. US Bank NA*, 244 Ariz. 265, 268 ¶ 9 (App. 2018).

¶9        An action to collect a debt evidenced by a written contract shall be commenced within six years after the cause of action accrues. A.R.S. § 12–548(A)(1). When a creditor has the power to accelerate a debt, the six-year statute of limitations begins to run on the date the creditor exercises that power. *Andra R Miller Designs*, 244 Ariz. at 270 ¶ 15. To exercise its option to accelerate a debt, the creditor "must undertake some affirmative act to make *clear to the debtor* it has accelerated the obligation." *Baseline Fin. Servs. v. Madison*, 229 Ariz. 543, 544 ¶ 8 (App. 2012).

¶10        Bridges' debt was not accelerated by the notice of trustee's sale, however, because before his debt could be accelerated, the deed of

trust required notification that if he failed to cure the default, his debt might be accelerated. Because Bridges' default notice did not state that his debt might be accelerated, the notice of trustee's sale, by itself, did not accelerate the debt. *See Andra R Miller Designs*, 244 Ariz. at 267 ¶ 3 (default notice referred to the acceleration clause); *see also Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Ltd. P'ship*, 980 S.W.2d 916, 919 (Tex. App. 1998) (finding that a notice of intent to accelerate *combined* with a notice of trustee's sale was sufficient to accelerate the debt). Therefore, Bridges' debt was never accelerated.

¶11        The plain language of A.R.S. § 33–813(A) supports this interpretation. Under that statute, when "all *or a portion of a principal sum* . . . becomes due *or is declared due* by reason of breach or default[,]" the debtor can "reinstate by paying . . . the entire amount then due" the day before the trustee's sale is held. A.R.S. § 33–813(A) (emphasis added). If recording a notice of trustee's sale automatically accelerated the debt, then the phrase "or a portion of a principal sum" would be rendered superfluous because the entire principal sum would always be declared due. *See Puryer v. HSBC Bank USA, Nat'l Ass'n for holders of Ace Sec. Corp. Home Equity Loan Tr., Asset Backed Pass-Through Certificates, series 2006-CW1*, 419 P.3d 105, 110-111 ¶ 16 (Mont. 2018) (finding that a notice of trustee's sale did not accelerate the debt because a similar statute gave the debtor the right to cure the default by paying the amount then owed and not the principal amount); *see also Cty. of Cochise v. Faria*, 221 Ariz. 619, 622 ¶ 9 (App. 2009) ("Each word or phrase of a statute must be given meaning so that no part is rendered void, superfluous, contradictory or insignificant.") (citation omitted).

¶12        Bridges argues that this Court's decision in *Andra R Miller Designs* compels the conclusion that the notice of trustee's sale in this case established that Nationstar had accelerated the debt. But in *Andra R Miller Designs*, the notice of default specifically referred to the acceleration clause, and neither party argued that the notice did not accelerate the debt. 244 Ariz. at 267, 270 ¶¶ 3, 16. And the court reversed a grant of summary judgment to the debtor because the creditor had sent cancellation notices expressly revoking its acceleration of the debt. *Id*. at 271 ¶ 20. Because this Court held that to revoke the debt's acceleration, "the notice of cancellation must also contain a statement that the acceleration of the debt has been withdrawn[,]" the notice of trustee's sale itself similarly must contain a statement that the debt was being accelerated.

¶13        The notice of default here did not refer to the acceleration clause and Bridges did not present any other evidence establishing that he could not have forestalled a trustee's sale by any means other than payment

of the entire "accelerated" debt. Moreover, the conduct of the parties in fact suggests that both the debtor and creditor understood that payment of something less than the full accelerated amount could forestall the trustee's sale, since Bridges submitted, and the creditor considered, several loan modification applications after the initial notice of trustee's sale was sent.

¶14        Bridges cites additional cases for the proposition that the commencement of foreclosure constitutes an affirmative act of acceleration. But those cases are also distinguishable from this case. Those cases involved a judicial foreclosure seeking the principal amount, *Barnett v. Hitching Post Lodge, Inc.*, 101 Ariz. 488, 492 (1966), or an acceleration clause that was automatically invoked when the debtor defaulted, *Prevo v. McGinnis*, 142 Ariz. 298, 302 (App. 1984). The deed of trust here contained an optional acceleration clause that was not invoked according to its terms.

¶15        Bridges also argues that at the summary judgment hearing, Nationstar admitted that a notice of trustee's sale "is essentially an announcement to the borrower that the lender intends to foreclose for the entire balance due." While Nationstar stated that the end goal of a trustee's sale is to seek the full amount due, it argued that because Bridges had the right to reinstate the loan by paying only the amount due, the loan would not accelerate until Bridges could no longer reinstate the loan. Therefore, Nationstar's argument does not affect whether the notice of trustee's sale accelerated the debt.

¶16        Because Bridges received a default notice that did not invoke the acceleration clause under the terms of the deed of trust, the notice of trustee's sale did not accelerate the debt. Therefore, the statute of limitations never started to run and we need not address Nationstar's remaining arguments. Nationstar is not barred from foreclosing on the property and the trial court erred by granting Bridges' summary judgment motion.

## CONCLUSION

¶17     For the foregoing reasons, we reverse the trial court's grant of summary judgment and remand for the court to enter summary judgment in favor of Nationstar. As the prevailing party, Nationstar is entitled to its costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA